**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Olden SUMMERFIELD, Defendant-
Appellant.**

**No. 24325.**

United States Court of Appeals,
Ninth Circuit.

Jan. 29, 1970.

Lester Robert Davis (argued), San Diego, Cal., for appellant.

Joseph A. Milchen (argued), Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before MERRILL and TRASK, Circuit Judges, and BYRNE, District Judge.*

PER CURIAM:

Appellant appeals from his conviction for smuggling narcotics into the United States in violation of 21 U.S.C. § 174, on the ground that the narcotics should not have been admitted into evidence at trial as they were the product of a rectal

---

* The Hon. William M. Byrne, Senior United States District Judge for the Central District of California, sitting by designation.

probe which violated his Fourth Amendment right to be free from unreasonable searches and seizures.

The mere fact that a person crosses the border is sufficient to subject him to a border search of his baggage, vehicle or personal effects. Henderson v. United States, 390 F.2d 805, 808 (9th Cir. 1967). To require a person to disrobe and submit to a skin search requires "at least a real suspicion, directed specifically to that person" that he is smuggling contraband across the border. Henderson, supra at 808. Because "[t]he integrity of an individual's person is a cherished value of our society", an intrusion into an individual's body requires a "clear indication" that desired evidence will be found. Schmerber v. California, 384 U.S. 757, 772, 770, 86 S. Ct. 1826, 1836, 16 L.Ed.2d 908 (1966). This standard was applied to rectal probes in Rivas v. United States, 368 F.2d 703, 710 (9th Cir. 1966), cert. denied 386 U.S. 945, 87 S.Ct. 980, 17 L.Ed. 2d 875 (1967).

We consider that the customs authorities in this case had a "real suspicion" sufficient to order appellant to strip. They testified that appellant appeared nervous and his eyes were pinpointed not unlike those of one under the influence of narcotics. He had a number of fresh needle marks on both arms. A search of his wallet revealed three rolled-up cotton balls of the kind frequently employed by narcotics users. We also consider that this evidence plus the sight of foreign material in appellant's rectum during the skin search constituted the "clear indication" necessary to require appellant to be taken to a doctor's office and submit to a rectal probe performed by the doctor, after being informed of the evidence.

The physical restraint used according to the doctor who conducted the probe was that necessary to perform a satisfactory examination. There was no injury or harm to the person and no discomfort beyond that experienced in ordinary and similar routine procedures. The examination was conducted in the same office where the doctor, a licensed physician, examined his regular patients. There was nothing in the testimony to indicate that anything occurred to infringe upon any personal rights of the defendant beyond what was necessary for the examination itself. We are of the opinion that the Fourth Amendment rights of the defendant were not violated. On the authority of Rivas v. United States, 368 F.2d 703, 710 (9th Cir. 1966), cert. denied 386 U.S. 945, 87 S.Ct. 980, 17 L. Ed.2d 875 (1967), we affirm.